# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE SANCHEZ, et al.,

    Plaintiffs,

v.                          No. CIV 01-0299 WJ/DJS

ROBERT BARACKER, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AND NOTICE TO PLAINTIFF OF THE COURT'S INTENT
TO DISMISS CLAIMS**

THIS MATTER comes before the Court pursuant to Plaintiffs' various motions for default judgment against Defendants Robert Baracker [Docket Nos. 21, 41, 57, 73, 89, 105], Frances Price [Docket Nos. 29, 49, 65, 81, 97, 113], Florine Gutierrez [Docket Nos. 25, 45, 61, 77, 93, 109], and Shane Martinez [Docket Nos. 33, 53, 69, 85, 101, 117]. The Clerk has entered default against all Defendants [Docket Nos. 36, 37, 38, 39, 120].

In order for the Court to enter default judgment against any Defendant, it must find that each Defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules. If a Defendant has been properly served and has failed to defend, the Court may enter default judgment as to the issue of liability in accordance with Fed. R. Civ. P. 55(b)(2). However, Tenth Circuit case law makes clear that the Court may not enter default on the issue of damages without a hearing unless the amount claimed is a liquidated sum or capable of mathematical

calculation. Venable v Haislip, 721 F.2d 297 (10th Cir. 1983). Black's Law defines a liquidated sum as one that is ascertained, determined, fixed, settled, made clear or manifest, or made certain by agreement of parties or by operation of law. Black's Law Dictionary 642 (6th ed. abridged 1991). Additionally, when there is more than one defendant, default judgment as to damages should not be entered against one defendant until damages against other defendants is also ascertained so that the awards are consistent. Hunt v Inter-Globe Energy, Inc., 770 F.2d 145 (10th Cir. 1985).

A court may dismiss a claim *sua sponte* for failure to state a claim when it is patently obvious that Plaintiffs cannot prevail on the facts alleged in the claim. See Curley v Perry, 246 F.3d 1170 (10th Cir. 2001). In such cases, the Court must provide the Plaintiffs notice of its intention to dismiss and provide the Plaintiffs an opportunity to submit a memorandum in opposition to the dismissal. Lee v City of Los Angeles, 250 F.3d 668 (9th Cir. 2001).

I.  MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS BARACKER, PRICE, AND GUTIERREZ.

Plaintiffs are not entitled to default judgment against these Defendants. None of these Defendants was properly served in accordance with Fed. R. Civ. P. 4. These Defendants are all officials with the United States Government and are being sued in connection with the performance of their duties on behalf of the United States. See Second Amended Complaint ¶¶ 8, 9, 10. Rule 4(i)(2)(B) is the provision applicable to service on these Defendants. It requires that service be made on the United States by meeting all of the requirements of Rule 4(i)(1), and that service be made on the individual officer or employee in accordance with Rule 4(e), (f), or (g).

The record contains no indication that service was made on the United States in

accordance with Rule 4(i)(1). Additionally, while it appears that adequate individual service was made under Rule 4(e) on both Price and Gutierrez, [Docket Nos. 12 and 13], the individual service on Baracker was not adequate. The return of summons executed on Defendant Baracker indicates that a copy of the summons was left for Baracker with a third party at Baracker's workplace. [Docket No. 15]. Nothing in Rule 4(e) permits substituted service at an individual's place of employment. See Rule 4(e)(2) (permitting substituted service at a person's dwelling or usual place of abode). Thus, Plaintiffs' various motions for default judgment against Defendants Baracker, Price, and Gutierrez must be denied.

The Court notes that this case was originally filed March 15, 2001 and Plaintiffs' Second Amended Complaint was filed July 6, 2001. Defendants Baracker, Price, and Gutierrez have not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 4.Under Fed. R. Civ. P. 4(m), the Court may, upon its own initiative and with notice to a Plaintiff, dismiss without prejudice a cause of action with respect to Defendants not served within 120 days of the filing of a complaint. The Court will allow Plaintiff an additional thirty (30) days from the date of the filing of this opinion and order to effect proper service on these Defendants. If Defendants have not been adequately served at the end of the thirty days, Plaintiffs' cause of action with respect to these Defendants will be dismisssed.

II. MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANT MARTINEZ

The record indicates that Mr. Shane Martinez was served personally. [Docket No. 17]. This service appears to have been adequate in accordance with Rule 4(e). Nothing in the record indicates that Mr. Martinez is an officer or employee of the United States government. Therefore, it appears that Plaintiff has done all that is necessary to effectively serve Mr. Martinez. Under

3

Fed. R. Civ. P. 55(b)(2), this Court may enter default judgment on the issue of liability. The Court will decline to do so for reasons stated below.

III.     COURT'S NOTICE TO PLAINTIFFS OF ITS INTENT TO ORDER *SUA SPONTE* DISMISSAL OF ALL CLAIMS AGAINST DEFENDANTS LUJAN, KERYTE, MARTINEZ, WEGMULLER, AND SOSA

Defendants Lujan, Keryte, Martinez, Wegmuller, and Sosa appear to all be current or former employees of the Pueblo of Isleta. See Complaint ¶¶ 11, 12, 13, 14, 15. Plaintiffs' Complaint alleges that Defendants violated Plaintiffs' federal constitutional rights under the Fifth and Eighth Amendments. See Complaint ¶¶ 64, 65, 67, 68, 70, 71, 73, 74, 76, 77, 79, 80. There is no allegation in the Complaint that any of these Defendants is a state actor subject to suit under 42 U.S.C. § 1983 for violations of federal constitutional rights or a federal actor subject to suit under Bivens for violations of federal constitutional rights. It is also well-established law that the restrictions on governmental actions rooted in the United States Constitution do not apply to Indian tribes. Talton v Mayes, 163 U.S. 376 (1896). Thus, Plaintiffs' Complaint fails to state an actionable claim against Defendants Lujan, Keryte, Martinez, Wegmuller, and Sosa.

This Court intends to dismiss all claims against these Defendants but will allow Plaintiffs time to file a memorandum in opposition to dismissal, a motion to amend the Complaint to state a claim against these Defendants, or both. Plaintiffs will be given thirty (30) days from the date this Memorandum Order and Opinion is filed to file any responsive memoranda or motions.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' various motions for default judgment against Defendants Baracker, Price, Gutierrez, and Martinez [Docket Nos. 21, 25, 29, 33, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89, 93, 97, 101, 105, 109, 113, 117] are DENIED.

4

IT IS FURTHER ORDERED that the Clerk's Entry of Default against Defendants Baracker, Price, and Gutierrez [Docket Nos. 36, 37, 38, and 120 in part] be set aside, but the entry of default against Shane Martinez [Docket Nos 39 and 120 in part] remain of record.

IT IS ORDERED that Plaintiff be given an additional thirty (30) days until April 25, 2002 to serve Defendants Baracker, Price, and Gutierrez in accordance with Rule 4, and the Clerk is ordered to issue alias summons as necessary to effect proper service if requested by Plaintiffs.

IT IS FINALLY ORDERED that Plaintiffs may respond by April 25, 2002 to the Court's intent to dismiss claims as described in the above opinion.

_____
UNITED STATES DISTRICT JUDGE