# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE SANCHEZ, et al.,

    Plaintiffs,

v.                                                No. CIV 01-0299 WJ/DJS

ROBERT BARACKER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DISMISSING CLAIMS AGAINST TRIBAL DEFENDANTS WITH PREJUDICE

THIS MATTER comes before the Court pursuant to the Court's Notice of Intent to Dismiss Claims [Docket No. 121], Plaintiff's Response to the Court's Notice [Docket No. 134], and Plaintiffs' Motion to Amend Plaintiffs' Second Amended Complaint [Docket No. 135].

**PROCEDURAL HISTORY**

Plaintiffs filed their initial complaint in this case on March 15, 2001. Plaintiffs filed a second amended complaint on July 6, 2001. This complaint alleges that Defendants violated Plaintiffs' Fifth and Eight Amendment constitutional rights. Plaintiffs subsequently attempted to serve the various named Defendants in the case. None of the Defendants responded to the complaint by filing an answer or other responsive pleading. Thus, on February 12, 2002, each Plaintiff filed various motions for default judgment against each Defendant. In an order filed March 26, 2002, this Court denied Plaintiffs' motions for default judgment for various reasons

[Docket No. 121]. The issue in this motion is the Court's reasons for denying default judgment against the tribal Defendants (Lujan, Keryte, Martinez, Wegmuller, and Sosa).

The Court denied Plaintiffs' requests for default judgment against the tribal Defendants on the basis that these Defendants could not be sued as either federal or state actors for violations of Plaintiffs' constitutional rights. The Court further notified Plaintiffs of the Court's intent to dismiss the claims against these Defendants, but gave Plaintiff leave to file a motion to amend their complaint to state a claim against these Defendants. The motion to amend the complaint that is currently before the Court is Plaintiffs' response to the Court's Order.

**LEGAL STANDARD**

Requests for leave to amend pleadings should be liberally granted. Fed. R. Civ. P. 15. However, when an amendment would obviously be futile, leave to amend need not be granted. T.V. Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992).

**DISCUSSION**

Plaintiffs assert, in their motion to amend the complaint, that the tribal Defendants may be sued in a Bivens action for violations of federal constitutional rights because the Isleta Police Department is partially funded by an Indian Self-Determination and Education Assistance Act (ISDEAA) contract with the federal government, and the ISDEAA provides that any civil action involving a claim against a tribal employee covered by the ISDEAA shall be deemed an action against the United States. See 25 U.S.C. § 450f. As support, Plaintiffs state that, in a companion case before Judge Armijo alleging claims pursuant to the Federal Tort Claims Act, the tribal

2

Defendants are being treated as federal officials, and the United States has substituted for the tribal Defendants.

Nothing in Section 450f of the ISDEAA provides that tribal employees be deemed officials of the Bureau of Indian Affairs or the Department of Interior for purposes of determining the nature of the claims that may be brought against them. Section 450f does state that the Secretary shall provide liability insurance for tribal entities, and that the insurer must agree not to assert the defense of sovereign immunity for any claims. However, this provision has been interpreted to be a limitation on the insurer, and not a waiver of a tribe's sovereign immunity. Evans v. Little Bird, 656 F.Supp. 872 (D. Mont. 1987) rev'd in part on other grounds Evans v. McKay, 869 F.2d 1341 (9th Cir. 1989). In any event, the issue of the tribe's sovereign immunity is not currently before the Court. At issue is whether tribal actors become federal actors for purposes of a Bivens action by virtue of the ISDEAA.

Public Law 101-152 does provide that, with respect to any claims resulting from the performance of functions under a contract authorized by the ISDEAA, an Indian tribe, tribal organization or Indian contractor is deemed to be part of the BIA in the Department of Interior and its employees are deemed employees of the Bureau, and any action or proceeding involving such claims shall be deemed an action against the United States and will be defended by the Attorney General and afforded the full protection and coverage of the Federal Tort Claims Act. The Court believes the key word here is the word "claims." Plaintiffs must first have a claim against the tribal Defendants, and only after a claim exists are the Defendants deemed employees of the Bureau for purposes of defense of the claim.

Absent the ISDEAA, a plaintiff could state a tort claim against a tribal entity or tribal official. Such a claim would likely not survive an assertion of tribal sovereign immunity, but there would be a claim stated. The ISDEAA, by deeming the tribal entities or officials sued to be part of or employees of the Bureau of Indian Affairs, permits such a claim to survive the bar of tribal sovereign immunity and proceed against the United States which has waived its immunity by allowing Federal Tort Claims Act liability to attach to injuries arising out of certain contracts between the U.S. government and tribal organizations. Comes Flying v. United States, 830 F.Supp. 529 (D.S.D. 1993).

Unlike tort claims, a Plaintiff could not state a Bivens claim against tribal officials acting under color of tribal law. It is an elementary Indian Law concept that tribal officials acting under color of tribal law cannot be held liable for violations of the federal constitution, and Plaintiffs cannot state a Bivens claim against tribal Defendants for violations of Plaintiffs' Fifth and Eighth amendment rights. See Talton v. Mayes, 163 U.S. 376 (1896); Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000). Thus, no federal constitutional claim against the tribal Defendants resulted from the ISDEAA contract.

Plaintiffs' argument rests on the proposition that the Court should imply from the ISDEAA that tribal actors acting under color of tribal law are deemed federal actors acting under color of federal law when acting pursuant to a "638 contract." The ISDEAA is a waiver of the sovereign immunity of the United States and thus must be strictly construed and may not be extended by implication. Comes Flying, 830 F.Supp. at 530. Nothing in the ISDEAA shows an intent of Congress to place tribal officials under the strictures of the United States Constitution or make the United States liable for constitutional torts by non-federal actors. More strongly stated,

4

the ISDEAA does not create federal action under color of federal law where there has historically been none.

Because Plaintiffs cannot state a Bivens claim against the tribal Defendants, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted with regard to these Defendants. Additionally, it would be futile to permit Plaintiffs to amend the complaint in an attempt to state a Bivens claim against these Defendants.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Plaintiffs' Second Amended Complaint [Docket No. 135] is hereby DENIED.

IT IS FURTHER ORDERED that, in accordance with the Court's Notice of Intent to Dismiss Claims [Docket No. 121], and the consideration given Plaintiffs' Response to that Notice [Docket No. 134] as discussed in detail above, all claims against Defendants Fred Lujan, Shane Martinez, James Kertyte, William Wegmuller, and Dennis Sosa are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE