# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE SANCHEZ, et al.,

    Plaintiffs,

v.                                          No. CIV 01-0299 WJ/DJS-ACE

ROBERT BARACKER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART ROBERT BARACKER'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Robert Baracker's Motion to Dismiss Defendant Baracker With Prejudice [Docket No. 144]. Having reviewed the motion and briefs of the parties, the Court finds that service of process on Robert Baracker was insufficient as stated in the Court's Memorandum Opinion and Order filed March 26, 2002 [Docket No. 121] Further, Plaintiff was given an opportunity to cure the defect and, while attempting to do so, failed to do so in accordance with this Court's order because Plaintiff again attempted substituted service on Robert Baracker at his place of employment. See Return of Service of Summons and Complaint Executed on Robert Baracker [Docket No. 122]. Therefore, it is clear that Robert Baracker must be dismissed as a defendant in this case.

What is not clear is what legal authority exists that would justify a dismissal with prejudice. Fed. R. Civ. P. 4 specifies that a failure to effect proper service will result in dismissal without prejudice. Additionally, the Tenth Circuit characterizes dismissal with prejudice as a sanction and states that it is an extreme sanction not ordinarily warranted if lesser sanctions would

be effective.  <u>Jones v. Thompson</u>, 996 F.2d 261, 265 (10th Cir. 1993).

While Plaintiff did not comply with the Court's Order to effect proper service on Robert Baracker, it is not clear to the Court that Plaintiff's failure was of the type that should be sanctioned, and it is even less clear that any sanction should be extreme.  Therefore, dismissal with prejudice is not appropriate and will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Baracker's Motion to Dismiss Defendant Baracker With Prejudice [Docket No. 144] is GRANTED IN PART in that Defendant Baracker is DISMISSED as a Defendant.

IT IS FURTHER ORDERED that Defendant Baracker's Motion to Dismiss Defendant Baracker With Prejudice [Docket No. 144] is DENIED IN PART in that the dismissal is WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE