# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE SANCHEZ, et al.

    Plaintiff,

v.                                                           No. CIV 01-299 WJ/DJS-ACE

FLORINE GUTIERREZ, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendants Gutierrez and Price's Motion to Dismiss or Alternatively Motion for Summary Judgment [Docket No. 161]. Having reviewed the submissions of the parties, this Court finds that the motion is well taken and shall be granted.

**BACKGROUND**

Plaintiffs filed this Bivens action originally naming three federal officials and five Isleta Pueblo tribal officials as defendants. The tribal defendants and one of the federal defendants were dismissed from this action by earlier orders of this Court. Defendants Gutierrez and Price are the sole remaining defendants.

Plaintiffs' Second Amended Complaint (Complaint) alleges that Benjamin Sanchez, deceased, died while incarcerated at the Isleta Pueblo detention facility on March 15, 1998. Regarding Defendant Gutierrez, the Complaint alleges that she is the Superintendent of the Southern Pueblos Agency, Bureau of Indian Affairs (BIA) and is responsible for the administration, management and supervision of the contract between the United States and the

Pueblo of Isleta for the operation of a law enforcement program. Regarding Defendant Price, the Complaint alleges that she is the contracting officer or specialist for the BIA and is responsible for the administration, management and supervision of the contract between the United States and the Pueblo of Isleta for the operation of a law enforcement program.

The Complaint alleges that the BIA defendants had direct responsibility under federal law to require Isleta Pueblo to comply with the contract between the Pueblo and the United States in operating a law enforcement program. Additionally, the Complaint states that a 1996 Inspection and Evaluation Report done at the behest of the BIA defendants put these defendants on notice that Isleta Pueblo citizens were being detained at a jail facility that created an unreasonable risk of harm to the detainees. Plaintiffs state that the BIA defendants should have created an action plan to remedy the deficiencies at the jail but, instead, ignored the Inspection and Evaluation Report and the recommendations within the report and thus failed to exercise their duty under the law to require tribal compliance with the contract. Plaintiffs allege that defendants violated Benjamin Sanchez' rights to Due Process under the Fifth Amendment and his rights under the Eighth Amendment of the Constitution of the United States.

**LEGAL STANDARDS**

Defendants Price and Gutierrez filed the present motion requesting dismissal or, alternatively, summary judgment on the basis of qualified immunity. The defense of qualified immunity is designed to shield public officials from erroneous suits as well as liability and protects all but the plainly incompetent or those who knowingly violate the law. Holland v Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001); Hinton v City of Elwood, Kansas, 997 F.2d 774, 779 (10th Cir. 1993). In considering a motion to dismiss on the basis of qualified immunity, the Court must accept as true all well-pleaded allegations in the complaint and construe them in a light most

favorable to the Plaintiff.  Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001).  The Court must then assess whether the allegations in the complaint establish the violation of a constitutional right, and, if so, whether that right was clearly established at the time of the alleged violation.  Id.

When a defendant asserts a qualified immunity defense in a motion for summary judgment, Plaintiff bears the initial burden of making two showings.  Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001); Holland, 268 F.3d at 1185.  First, a plaintiff must show that a defendant's alleged actions violated a constitutional right.  Medina, 252 F.3d at 1128.  The Court, in determining whether this showing is made, must assess whether the facts, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right.  Holland, 268 F.3d at 1185.  If a favorable view of the alleged facts shows the violation of a constitutional right, the plaintiff must then show that the right was clearly established at the time the allegedly wrongful conduct occurred.  Id. at 1186.  The contours of the right must have been sufficiently clear at the time such that a reasonable official would have understood that his or her conduct was unlawful.  Id.  A constitutional right is clearly established for qualified immunity purposes when there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains.  Camfield v City of Oklahoma City, 248 F.3d 1214, 1228 (10th Cir. 2001).  If a plaintiff makes the required showings, the burden then shifts back to the defendant to make the usual showing required of defendants moving for summary judgment.  Hinton, 997 F.2d at 779.

**DISCUSSION**

Defendants' motion asserts that Plaintiff has failed to allege a violation of Plaintiffs' rights secured by the Constitution of the United States.  Defendants also assert that, even if there is an

3

adequate allegation of a violation of a right secured by the Constitution of the United States, Plaintiff cannot show that the right was clearly established.

I.      VIOLATION OF A CONSTITUTIONAL RIGHT

Plaintiff's response to Defendants' motion argues that Defendants' failure to administer contracts between the Pueblo and the United States in such a way as to prevent the death of Benjamin Sanchez was the direct and proximate cause of Benjamin Sanchez' death and thus was a direct violation of Benjamin Sanchez' constitutional rights.  In support of this argument, Plaintiff offers deposition testimony of Defendant Price showing that she was the contract monitor, that she had authority to take appropriate action when terms of the contract were not being complied with, and that corrective action could include withholding payment or negotiating with a tribe.

The Court does not find that the allegations in the Complaint establish the violation of a constitutional right.  Even if a generous reading of the allegations could be found to state a claim for a constitutional violation, Plaintiffs have failed to make an adequate showing of a constitutional violation in response to Defendants' Motion for summary Judgment.  Plaintiffs' proffered evidence fails to show that either Defendant Price or Defendant Gutierrez failed to perform any duty in the administration of the contract between the Pueblo and the United States. Additionally, Plaintiffs failed to provide any evidence that the violation of any such duty would amount to a constitutional violation.  Thus, Defendants are entitled to qualified immunity on the basis that Plaintiffs have failed to adequately allege a constitutional violation and have failed to show a constitutional violation sufficient to withstand a motion to dismiss or a motion for summary judgment.

II. CLEARLY ESTABLISHED RIGHT

Even if the Court were to find that Plaintiffs had adequately alleged a constitutional violation or had adequately responded to Defendants' motion for summary judgment with facts sufficient to show a constitutional violation, the Court would grant Defendants' motion on the basis that the right was not clearly established at the time of the alleged violation.

As noted above, in response to a motion for summary judgment, plaintiffs are required to respond by showing that the right was clearly established at the time of the alleged violation. In this case, Plaintiffs made no such showing. Plaintiffs' response is devoid of any reference to case law showing that the right allegedly violated by Defendants Price and Gutierrez even exists, much less that it was clearly established. This Court cannot adequately define the contours of the right allegedly violated much less conclude that the contours were adequately established. Reasonable officials in Defendants' positions would have had no reason to believe that their conduct with regard to the contract between Isleta and the United States would violate Benjamin Sanchez' constitution rights. Therefore, Defendants are entitled to summary judgment on the basis of qualified immunity.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment [Docket No. 161] is hereby GRANTED.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE